UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLOS RENE AMAYA-VELIS, ) | Case No. 4:26-cv-73 |
| ) | |
| Petitioner, ) | |
| ) | Judge J. Philip Calabrese |
| v. ) | |
| ) | Magistrate Judge |
| KEVIN RAYCRAFT, Director of the ) | Jennifer Dowdell Armstrong |
| Detroit Field Office, U.S. ) | |
| Immigration and Customs ) | |
| Enforcement, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## OPINION AND ORDER

On January 14, 2026, the Court dismissed without prejudice the habeas petition of Petitioner Carlos Amaya-Velis. He timely filed a motion under Rule 59(e) to alter or amend the judgment. Under Section 9.M of its Civil Standing Order (available [here](#) on the Court's website), the Court limits any motion under Rule 59(e) to two pages and will request briefing if it needs further explanation of the basis for the motion. Petitioner did not comply with this requirement. That failure suffices to deny the motion.

In any event, the motion fails on the merits. A court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines*

*v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Under this standard, Petitioner's motion fails for two reasons.

*First*, the Court lacks jurisdiction under 8 U.S.C. § 1252 for the reasons explained in its ruling. Petitioner's arguments to the contrary, which mischaracterize the Court's holding, are unpersuasive. Contrary to his representation, the Court did not assert that "Petitioner has not raised a constitutional claim." (ECF No. 6, PageID #315.) Instead, the Court determined that it lacked jurisdiction over Petitioner's constitutional claim. To be clear, Petitioner raises a due process claim under the Fifth Amendment. As the Court explained in its ruling, in the immigration context Congress enjoys considerable deference in defining the process that is due. In the particular context in which Petitioner's constitutional challenge arises, Title 8 defines that process. Neither in his petition nor on reconsideration does Petitioner point to any other authoritative interpretation or application of the Fifth Amendment holding otherwise. Therefore, Petitioner may not use 28 U.S.C. § 2241 as an end-run around the limitations on a district court's jurisdiction codified at 8 U.S.C. § 1252. Put another way, Petitioner's constitutional claim brought under Section 2241 collapses into analysis of the procedural due process requirements of Section 1225 or Section

1226, and the district court has no jurisdiction under Section 1252 to decide such a question.

To the extent Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), and *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992), to argue that he may challenge the length of his detention, such a claim is not presented in his petition and is premature. *Zadvydas* involves indefinite detention, and Petitioner's detention cannot be said to approach such a length, actually or constructively. *Foucha*, which involved commitment upon a finding of not guilty by reason of insanity, has no application here. Nor does Petitioner's appeal to the agency's prior determination not to pursue removal confer jurisdiction or constitute a manifest injustice. One Administration's discretionary decisions cannot bind another's. *United States v. Mullins*, 790 F. Supp. 3d 661, 663 (N.D. Ohio 2025). And contrary to Petitioner's claim (ECF No. 6, PageID #318), the Court considered Petitioner's special immigrant juvenile status (*see* ECF No. 4, PageID #298 & #307.)

*Second*, when it comes to prudential exhaustion, Petitioner fails to meet the substance of the Court's ruling. In any event, the pathway for administrative review that Congress enacted offers the prospect of appellate review. That review just does not come at the district court level on a petition under Section 2241.

In the end, any remedy for Petitioner does not come by asking the Court to disregard the jurisdictional limitations of Section 1252, even if other district courts in the country do so. In this regard, the Court finds the ruling in *Herrera v. Baltazar*, No. 1:25-cv-04014, 2026 WL 91470, at *6 (D. Colo. Jan. 13, 2026), unpersuasive. Its

3

simplistic reasoning fails to account for the statutory scheme, takes any challenge to the duration of detention as cognizable on habeas notwithstanding the absence of clearly established law to that effect, and provided no response to the Court's jurisdictional analysis. If Petitioner is correct in his claim about the legality of his detention, his remedy should not involve disregarding the jurisdictional limitations Congress placed on the district courts to decide even constitutional questions that might arise in the administration of the immigration laws of the United States. Such questions (other than those involving, for example, indefinite detention or claims about the conditions of confinement) properly belong to the Supreme Court and the courts of appeals under the statute, not the district courts.

For these reasons, the Court sees no clear error of law in its dismissal of the petition and discerns no manifest injustice either. There has been no intervening change in the law or newly discovered evidence. Therefore, the Court **DENIES** Petitioner's motion for reconsideration.

**SO ORDERED.**

Dated: January 28, 2026

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio